**MING HUA CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1612–ag.**

United States Court of Appeals, Second Circuit.

May 2, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Li, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, John W. Blakeley, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Hua Chen, a native and citizen of the People's Republic of China, seeks review of an April 3, 2007 order of the BIA dismissing his appeal on remand from this Court. *In re Ming Hua Chen,* No. A76 280 025 (B.I.A. Apr. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 As a preliminary matter, because Chen failed to raise before the BIA his claim that he has a well-founded fear of persecution in China because he has two U.S. citizen children, we lack jurisdiction to consider that claim and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Additionally, because Chen failed to challenge the BIA's denial of his claim based on his partner's forced abortion, we deem any such argument to have been waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

When the BIA issues its own opinion, "the opinion becomes the basis for judicial review." *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

 We find that the BIA erred in concluding that there is "no evidence" that Chen resisted China's coercive population control program. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). Indeed, Chen testified that when his "wife" did not appear for her scheduled abortion, "birth control officers brought some people to go to [his] mother-in-law's home" in order to try to arrest her. When Chen heard an argument and went to see what was happening, he saw people he did not recognize trying to take his mother-in-law's television, radio, and furniture. He testified, however, that he thought at least one of these individuals was a "birth control officer." During this incident, Chen pushed that individual to the ground. As a result, he was beaten "for a long time," and threatened that "if [he did] not bring [his] wife out … they [were] going to ask the public security to arrest [him] and put [him] in prison."

Based on Chen's testimony, it is unclear why the BIA held that there was "no

evidence" that the incident at Chen's mother-in-law's house was related to Chen's resistance to China's coercive family planning policy. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Thus, the record was not "adequately developed" with respect to Chen's other resistance claim. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (remanding to the BIA in order for the petitioner's claim to be "adequately developed"); *see also Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc). On remand, the agency should provide a more reasoned analysis of whether the incident Chen described is sufficient evidence of his "resistance," and whether, assuming such resistance, Chen suffered past persecution or has a well-founded fear of persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42).

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part, the BIA's decision is VACATED in part, and the case is remanded for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).